UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETT E. LANG,

    Petitioner,

v.

UNITED STATES OF AMERICA,         Civil Case No. 05-71898
                                          Criminal Case No. 91-80936
    Respondent.                        Honorable Patrick J. Duggan

_____/

**OPINION AND ORDER
DENYING MOTION TO VACATE AND CORRECT PETITIONER'S
SENTENCE PURSUANT TO 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on September 20, 2005.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Petitioner Brett E. Lang is a federal prisoner currently incarcerated at the Federal Medical Center in Lexington, Kentucky. On July 2, 1992, a jury convicted Petitioner of the following offenses: conspiracy to possess with intent to distribute and distribution of heroin and cocaine, two counts of possession with intent to distribute a controlled substance, and use of a firearm during a drug trafficking offense. Presently before the Court is Petitioner's motion pursuant to 28 U.S.C. § 2255 asking this Court to vacate and correct his sentence, filed on May 13, 2005. For the reasons set forth below, Petitioner's motion shall be denied.

**I.     Background**

In 1991, the Government filed a 62-count indictment in this Court naming Petitioner in eight counts. On July 2, 1992, a jury convicted Petitioner of participating in conspiracy to possess with intent to distribute and distribution of heroin and cocaine, two counts of possession with intent to distribute a controlled substance, and use of a firearm during a drug trafficking offense, in violation of 21 U.S.C. §§ 841(A)(1), 846, and 924(C).

Prior to sentencing, this Court held a two-day evidentiary hearing on the issue of drug amounts. The Court found, by a preponderance of the evidence, that the drug amounts utilized in sentencing Petitioner were in excess of one kilogram of heroin and five kilograms of cocaine. (*See* Sentencing Tr. at 44-53). On November 25, 1992, the Court sentenced Petitioner to serve 324 months on the drug conspiracy conviction and 240 months on the two overt criminal acts, which were to run concurrently with the conspiracy sentence. Additionally, Petitioner was sentenced to 60 months on the firearm conviction, which by statute ran consecutive to the 324 month conspiracy sentence.

Petitioner exhausted his appeals of right, in which he objected to this Court's findings as to the drug amounts. Petitioner's convictions and sentences were upheld. In 1999, Petitioner, acting in *pro per*, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On May 10, 1999, the Sixth Circuit Court of Appeals remanded Petitioner's case to this Court to consider his claim that there was insufficient evidence to support his 18 U.S.C. § 924(c) conviction.

The Court appointed current counsel to represent Petitioner. On November 16, 1999, this Court granted Petitioner's motion and vacated his § 924(c) conviction.

Before Petitioner was resentenced, the United States Supreme Court issued *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). On June 13, 2001, the Court resentenced Petitioner. At the resentencing hearing, the parties agreed that *Apprendi* applied. Counsel for Petitioner argued that: (1) the utilization of the drug quantities, determined by a mere preponderance, violated *Apprendi*; (2) the stacking provision of the sentencing guidelines, U.S.S.G. § 5G1.2(d), violated *Apprendi* because it resulted in a sentence that was beyond the statutory maximum, based on factors not determined by the jury or admitted to by Petitioner; and (3) based on Petitioner's post conviction behavior, a downward departure from the applicable guideline range was warranted.

This Court: (1) denied Petitioner's *Apprendi* challenge to the calculation of the drug quantities; (2) ruled that the stacking provision of U.S.S.G. § 5G1.2(d) did not violate *Apprendi*; and (3) granted Petitioner's motion for downward departure due to his exemplary post conviction behavior. This Court vacated the initial sentence imposed on the firearm conviction. The Court sentenced Petitioner to 240 months on the conspiracy conviction and reduced the original 240 month sentences on the two overt acts[1] to 80 months for each count. However, the Court ordered that the two 80 month sentences would run concurrent to each other, but consecutive to the conspiracy sentence.

On appeal to the Sixth Circuit, Petitioner raised the same arguments he raised before this Court. The Sixth Circuit requested that the parties provide supplemental briefs on the issue of whether the stacking provision of the sentencing guidelines violated 28 U.S.C. §

---

[1] The two "overt acts" refer to the two counts of possession with intent to distribute a controlled substance.

3

994(1)(2) and/or the Constitution. On September 9, 2003, the Sixth Circuit affirmed Petitioner's sentence. According to Petitioner, the Sixth Circuit applied the wrong standard of review in reviewing the issues for plain error because the panel erroneously found that Petitioner had not raised in the trial court either a challenge to the drug quantities or to the imposition of consecutive sentences. (Br. in Supp. of Mot. at 3-4).[2] On November 28, 2003, the Sixth Circuit denied the Petition for Rehearing En Banc to correct the error.

On February 18, 2004, Petitioner filed a Petition for Writ of Certiorari to the United States Supreme Court. The Supreme Court denied the petition on May 17, 2004.

On May 13, 2005, Petitioner filed a motion under 28 U.S.C. § 2255 asking this Court to vacate and correct his sentence. In his motion, Petitioner contends that the calculation of his drug quantities and the holding that stacking his sentences was mandatory given the federal sentencing guidelines violated *Apprendi*. Petitioner argues that the Supreme Court's holdings in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004) and *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), clarified the *Apprendi* decision and validated the arguments made by Petitioner at his resentencing hearing. (Mot. at ¶ 15).

The Government filed a brief in opposition on June 30, 2005, contending that Petitioner's motion is a second or successive petition and the case should be transferred to the United States Court of Appeals for the Sixth Circuit. On August 10, 2005, this Court

---

[2]Petitioner is incorrect. With respect to the issue of "drug quantities," the Sixth Circuit expressly stated that ". . . this review is not limited by a plain error standard." *United States v. Wingo*, 76 Fed.Appx. 30, Nos. 01-1669, 01-1961, at 35, n.4 (6th Cir. Sep. 9, 2003). With respect to the issue of "consecutive sentences," whether or not the Court was correct in reviewing for plain error, is of no significance. The Court specifically held that ". . . § 5G1.2(d) mandates the imposition of consecutive sentences when its terms are met." *Id.* at 35.

4

found that Petitioner's motion was not a successive petition and denied the Government's motion to transfer.

## II. Standard of Review

Section 2255 states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The petitioner bears the burden of establishing any claim asserted in his § 2255 motion. In this case, Petitioner contends that this Court imposed his sentence in violation of his Fifth Amendment right to due process and his Sixth Amendment right to have a jury determine beyond a reasonable doubt the drug quantities utilized to increase his criminal penalty at sentencing. To warrant relief because of constitutional error, the petitioner must show that the error was one of constitutional magnitude which had a substantial or injurious effect on the proceedings. *See Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962). Petitioner also challenges the Court's findings that the Sentencing Reform Act, 18 U.S.C. §§ 3533(a), 3533(b)(1), and U.S.S.G. 5G1.2(d) required mandatory stacking of his criminal convictions. To warrant relief for a nonconstitutional error, the petitioner must show a fundamental defect in the proceedings which inherently results in a complete miscarriage of justice. *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994).

## III. Discussion

Petitioner argues that he was resentenced in violation of his Fifth Amendment right to due process and his Sixth Amendment right to have a jury determine beyond a reasonable doubt the drug quantities utilized to increase his criminal penalty at sentencing. Petitioner contends that the *Apprendi* arguments that he raised at his resentencing on June 13, 2001 have been adopted by the Supreme Court in its subsequent decisions in *Blakely* and *Booker*, and therefore, Petitioner has preserved these issues. For that reason, Petitioner contends that this motion is not brought on a collateral review basis.

First, *Apprendi* is not retroactively applicable to cases on collateral review. *See Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2001). The Court does not believe that there is any merit to Petitioner's argument that because Petitioner had the foresight to argue that *Apprendi* applied to both the drug quantities and the mandatory imposition of consecutive sentences pursuant to the Sentencing Guidelines that this motion is not brought on a collateral review basis.

All of the issues raised in this petition were raised in his appeal to the Sixth Circuit Court of Appeals and were decided by that Court in its decision of September 9, 2003 except for the arguments relating to the effect of *Blakely* and *Booker*.

In this case, the Supreme Court did not issue *Blakely* and *Booker* until ***after*** Petitioner's resentencing. Petitioner's *Apprendi* arguments, although they were raised as objections during the sentencing hearing, were raised before the Supreme Court issued *Blakely* and *Booker*. Petitioner's § 2255 motion is a motion for collateral review, to which new rules of constitutional law do not apply. *Teague v. Lane*, 489 U.S. 288, 305-08, 109 S. Ct. 1060, 1073-74 (1989).

6

Moreover, the Court need not consider whether either of the exceptions set out in *Teague* apply or whether Petitioner may raise his *Apprendi* arguments in this motion where he already raised them as objections during sentencing because *Apprendi* does not apply to sentences that are calculated under the Sentencing Guidelines unless the sentence exceeded the statutory maximum. *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001). Here, the drug amounts utilized in sentencing Petitioner were in excess of one kilogram of heroin and five kilograms of cocaine. Pursuant to 21 U.S.C. § 841(b)(1)(A)(i), the maximum penalties for the amount of heroin attributed to Lang is a minimum sentence of ten years not to exceed a maximum sentence of life. Moreover, pursuant to 21 U.S.C. § 841(b)(1)(A)(ii), the penalties for the amount of cocaine attributed to Lang is a minimum sentence of ten years not to exceed a maximum sentence of life. Consequently, there was no arguable violation of *Apprendi* because the 240 month sentence and two 80 month sentences which Petitioner received fell below the maximum term of life imprisonment to which he was exposed under 21 U.S.C. §§ 841(a)(1) and 846.

Second, Petitioner contends that his sentence is unconstitutional based on the Supreme Court's holdings in *Blakely* and *Booker*. In *Booker*, the Supreme Court applied the principles in *Blakely* to hold that the United States Sentencing Guidelines are subject to the Sixth Amendment's jury trial requirements. As written, the Sentencing Guidelines required the sentencing court to make factual findings by a "preponderance of the evidence" standard. The Sixth Amendment's jury trial requirements, however, require that facts used in fashioning a defendant's sentence must be found by the trier of fact beyond a reasonable doubt. *Booker*, 125 S. Ct. at 756, *aff'g Apprendi v. New York*, 530 U.S. 466, 120 S. Ct. 2348

7

(2000). Consequently, the Supreme Court also held that 18 U.S.C. § 3553(b)(1), making the Sentencing Guidelines mandatory, was unconstitutional. *Id.* As a result, the Sentencing Guidelines are advisory, although they may still be considered by the sentencing court under 18 U.S.C. § 3553(a)(4). *Id.*

Petitioner is not entitled to retroactive relief under *Booker*. In *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir 2005), the Sixth Circuit ruled that *Booker* does not apply retroactively to cases on collateral review. Therefore, because Petitioner's § 2255 motion is a motion for collateral review, the procedural protections afforded by *Booker* do not apply.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

> _____
> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:

Patricia A. Maceroni, Esq.
Wayne F. Pratt, AUSA