UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETT E. LANG,

    Petitioner,

v.                                                     Civil Case No. 05-71898
                                                       Criminal Case No. 91-80936
UNITED STATES OF AMERICA,      Honorable Patrick J. Duggan

    Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR REHEARING**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on November 7, 2005.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

In an Opinion and Order dated September 20, 2005, this Court denied Petitioner Brett E. Lang's motion pursuant to 28 U.S.C. § 2255 asking this Court to vacate and correct his sentence. On September 29, 2005, Petitioner filed a Motion for Rehearing pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Motions for rehearing are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which

the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for rehearing if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

First, Petitioner contends that the Court should have entered a default judgment granting Petitioner's motion pursuant to Rules 55 and 56[1] of the Federal Rules of Criminal Procedure because the government did not file its reply brief until September 12, 2005, despite this Court's Order to file its reply by August 31, 2005. (Mot. at ¶¶1-2).

Second, Petitioner contends that the Court's Opinion and Order incorrectly describes the language in a footnote of the Sixth Circuit's Opinion as a holding of the Sixth Circuit. In the Opinion and Order, this Court stated: "According to Petitioner, the Sixth Circuit applied the wrong standard of review in reviewing the issues for plain error because the panel erroneously found that Petitioner had not raised in the trial court either a challenge to the

---

[1]The Court has no idea why Petitioner cites Rules 55 and 56 of the Federal Rules of Criminal Procedure in support of his request for a "default judgment." If Petitioner intended to refer to Rule 55 of the Federal Rules of <u>Civil</u> Procedure - - that rule does not support Petitioner's request. Rule 55 simply permits a default in a <u>civil action</u> where a party has "failed to plead . . . <u>as provided by these rules</u>." The sanction for failing to comply with the Court's deadline for filing a response is to risk having the Court decide the motion without benefit of the response - - either because the Court has not received a response when it issues its ruling, or because the Court has granted a request to strike the response because it was not timely filed. Clearly a "default" is not the appropriate remedy.

2

drug quantities or to the imposition of consecutive sentences." (Sep. 20, 2005, Op. and Or. at 4). Then, in a *footnote*, this Court noted:

> Petitioner is incorrect. With respect to the issue of "drug quantities," the Sixth Circuit expressly stated that ". . . this review is not limited by a plain error standard." *United States v. Wingo*, 76 Fed.Appx. 30, Nos. 01-1669, 01-1961, at 35, n.4 (6th Cir. Sep. 9, 2003). With respect to the issue of "consecutive sentences," whether or not the Court was correct in reviewing for plain error, is of no significance. The Court specifically held that ". . . § 5G1.2(d) mandates the imposition of consecutive sentences when its terms are met." *Id.* at 35.

(Sep. 20, 2005, Op. and Or. at 4 n.2).

In fact, the statement that "this review is not limited by a plain error standard," was actually an argument from the Petitioner's brief and not a holding of the Sixth Circuit. However, Petitioner has failed to show how correcting this error in a footnote of the Court's Opinion and Order "will result in a different disposition of the case."

While the Sixth Circuit may have incorrectly concluded that ". . . Lang failed to raise an objection to the imposition of consecutive sentences at the resentencing hearing," *United States v. Wingo*, 76 Fed.Appx. 30, 35 (6th Cir. Sep. 9, 2003), and thus stated that it was reviewing "for plain error only,"*id.*, Petitioner has not persuaded this Court that such "incorrect" conclusion by the Sixth Circuit adversely affected Petitioner's rights. The issue of whether or not this Court erred when it imposed consecutive sentences was thoroughly discussed by the Sixth Circuit and the Sixth Circuit held as a matter of law:

> In *Graham*, we implicitly rejected the holding of *Velasquez* (citation omitted) that the district court has discretion to impose consecutive or concurrent sentences under Section 5G1.2 and held with most of our sister circuits that Section 5G1.2(d) mandates the imposition of consecutive sentences when its terms are met.

*Wingo*, 76 Fed.Appx. at 35.

3

The Sixth Circuit found that although Lang had presented "a clever challenge" to his consecutive sentences, he had failed to show that this Court committed an error in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), "because the district court's imposition of each sentence was within the statutory maximum for that count." *Wingo*, 76 Fed.Appx. at 35.[2]

Petitioner also contends that the Sixth Circuit's decision with respect to this Court's use of drug quantities was in error. The Sixth Circuit's decision, plain and simply, holds that there was no *Apprendi* violation because this Court used drug quantities, found by the Court, in arriving at the sentence. The Court's use of drug quantities, found by a preponderance of the evidence, was the procedure to be followed on the date this Court resentenced the Defendant, even though *Apprendi* had been decided prior to the resentencing.

Third, Petitioner contends that because his case was not yet final when *Apprendi* was decided, and because Petitioner argued the full application of *Apprendi* as later interpreted by the U.S. Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and in *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 738 (2005), Petitioner's constitutional challenges to his conviction are not being raised on a collateral review basis. The Court disagrees.

Petitioner's attempt to rely on *Booker*, a case decided after the resentencing, fails. The Sixth Circuit's decision of September 9, 2003, was "final" prior to Petitioner's present

---

[2]Even if this Court agreed that a "plain error" review by the Sixth Circuit resulted in an incorrect decision - - this Court has no power or authority to "correct" a decision by the Sixth Circuit.

4

Section 2255 Petition which was filed on May 13, 2005. In this Court's opinion, Petitioner is clearly seeking collateral review and *Booker* does not apply retroactively to cases on collateral review.[3] *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005).

In another § 2255 petition in which the petitioner raised similar arguments, the Sixth Circuit recently reiterated that cases like *Booker*, which establish a new rule of criminal procedure, "do not apply retroactively to cases already final on direct review (*i.e.*, those cases in which a decision has been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired) at the time it was rendered." *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. Sep. 28, 2005) (citing *Humphress*, 398 F.3d at 860-63). Like the Petitioner in this case, the petitioner in *Saikaly* argued that because a judge, and not the jury, had determined the amount of cocaine attributed to the petitioner for sentencing purposes, his sentence was unconstitutional under *Apprendi*. *See Saikaly*, 424 F.3d at 516. The Sixth Circuit found that because the petitioner's direct appeals were final at the time *Booker* was decided, the petitioner was denied any avenue of relief under *Booker*. *Id.* at 518.

Petitioner's remaining arguments merely present the same issues ruled upon by the Court in its September 20, 2005, Opinion and Order. Consequently, Petitioner has failed to

---

[3] Petitioner argues that because he addressed issues at his resentencing which issues were, in his opinion, resolved in his favor by *Booker*, this Court can and should apply *Booker* to this Section 2255 petition. The Court rejects this argument. Simply because a petitioner presented arguments that may have been subsequently adopted by the Supreme Court in another case, does not permit a retroactive application of the subsequent Supreme Court decision.
    The Court acknowledges that if the Court of Appeals were to order a resentencing, assuming *Booker* applied, it is possible that Petitioner would receive a sentence lower than that imposed on June 13, 2001, because *post-Booker*, the Court considers the sentencing guidelines advisory and applies the factors contained in 18 U.S.C. § 3553. However, as set forth in this Opinion, the Court continues to believe that it was required to apply the guidelines when it resentenced Petitioner on June 13, 2001.

allege any palpable defect by which the Court and the parties have been misled as required by E.D. MICH. L.R. 7.1(g)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Rehearing is **DENIED**.


                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:

Patricia A. Maceroni, Esq.
Wayne F. Pratt, AUSA