UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Appellee,

Civil No. 05-CV-71898-DT
Criminal No. 2:91-cr-80936
Honorable Patrick J. Duggan

v.

BRETT LANG,

    Defendant/Appellant.
    _____/

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 19, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On September 20, 2005, this Court issued an Opinion and Order dismissing Petitioner Brett Lang's 28 U.S.C. § 2255 petition. On November 7, 2005, this Court issued an Order denying Petitioner's Motion for Reconsideration. On December 5, 2005, Petitioner filed a Motion for Certificate of Appealability.

In general, 28 U.S.C. § 2253 governs appeals of habeas corpus proceedings. Section 2253(a) provides that "[i]n a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." However, unless a certificate of appealability is issued, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding.

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "Where a district court has rejected a petitioner's constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

The Court continues to believe that Petitioner's resentencing on June 13, 2001, was constitutional in light of the Supreme Court's decisions at the time Petitioner was sentenced, namely the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). Nevertheless, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of the following issue presented in his § 2255 petition: Whether Petitioner should be allowed to argue that the Supreme Court's holdings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005), constitute an intervening change in the law pursuant to *Davis v. United States*, 417 U.S. 333, 94 S. Ct. 2298 (1974), where, at his resentencing, Petitioner argued that:

(1) the utilization of the drug quantities, determined by a mere preponderance, violated *Apprendi*; and

(2) the stacking provision of the sentencing guidelines, U.S.S.G. § 5G1.2(d), violated *Apprendi* because it resulted in a sentence that was beyond the statutory maximum, based on factors not determined by the jury or admitted to by Petitioner.

Accordingly, the Court concludes that Petitioner has shown that "jurists of reason would find it debatable" whether the district court was correct in dismissing Petitioner's § 2255 petition.

Therefore,

**IT IS ORDERED** that Petitioner's motion for a certificate of appealability is **GRANTED.**

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:

Wayne F. Pratt, Esq.
Patricia A. Maceroni, Esq.